**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MACARIO & ROSARIO CEDILLO** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. 7:23-CV-00370** |
| **ALLSTATE TEXAS LLOYD'S** | § | |
| | § | |
| *Defendant*. | § | |

---

**ALLSTATE TEXAS LLOYDS'**
**FIRST AMENDED ANSWER, SPECIFIC AND**
**AFFIRMATIVE DEFENSES AND JURY DEMAND**

---

TO THE HONORABLE JUDGE BRAY:

Defendant, Allstate Texas Lloyd's ("Allstate" or "Defendant"), files this First Amended Answer, Specific and Affirmative Defenses, and Jury Demand as follows:

**DEFENDANT'S FIRST AMENDED ANSWER**

**I.  DISCOVERY CONTROL PLAN & RULE 47(c) STATEMENT**

1.1     Defendant denies the allegations contained in paragraph 1.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court. Defendant avers that discovery should be conducted pursuant to the Federal Rules of Civil Procedure and the Orders of the Court.

1.2     Defendant denies the allegations contained in paragraph 1.2 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court. Defendant avers that discovery should be conducted pursuant to the Federal Rules of Civil Procedure and the Orders of the Court.

1.3     Defendant denies the allegations contained in paragraph 1.3 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court. Defendant avers that discovery should be conducted pursuant to the Federal Rules of Civil Procedure and the Orders of the Court.

## II.  PARTIES

2.1.    Defendant admits the allegations contained in paragraph 2.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on information and belief.

2.2.    Defendant admits the allegations contained in paragraph 2.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## III.  JURISDICTION

3.1.    Defendant can neither admit nor deny the allegations contained in paragraph 3.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court, therefore, these are denied.

3.2.    Defendant can neither admit nor deny the allegations contained in paragraph 3.2 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court, therefore, these are denied.

## IV.  VENUE

4.1.    Defendant can neither admit nor deny the allegations contained in paragraph 4.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court, therefore, these are denied.

## V.  FACTS:
## WRONGFUL DENIAL AND/OR UNDERPAYMENT OF A COVERED CLAIM

5.1.    Defendant admits the allegations contained in paragraph 5.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.2.    Defendant admits the allegations contained in paragraph 5.2 of Plaintiffs' Original Petition and Application for Declaratory Relief on information and belief.

5.3.    Defendant admits that Plaintiffs made a claim for damages to the property and that the claim number assigned was 0711820274.    Defendant denies the remaining allegations contained in paragraph 5.3 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.4.    Defendant admits an adjuster was assigned to Plaintiffs' claim.    Defendant denies the remaining allegations contained in paragraph 5.4 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.5.    Defendant admits that Plaintiffs submitted a demand to Defendant.    Defendant denies the remaining allegations contained in paragraph 5.5 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.6.    Defendant admits the allegations contained in paragraph 5.6 of Plaintiffs' Original Petition and Application for Declaratory Relief on information and belief.

5.7.    Defendant denies the allegations contained in paragraph 5.7 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.8.    Defendant denies the allegations contained in paragraph 5.8 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.9.    Defendant denies the allegations contained in paragraph 5.9 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.10.    Defendant denies the allegations contained in paragraph 5.10 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.11.    Defendant denies the allegations contained in paragraph 5.11 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.12.    Defendant denies the allegations contained in paragraph 5.12 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.13.    Defendant denies the allegations contained in paragraph 5.13 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.14.    Defendant denies the allegations contained in paragraph 5.14 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.15.    Defendant denies the allegations contained in paragraph 5.15 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.16.    Defendant denies the allegations contained in paragraph 5.16 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.17.    Defendant denies the allegations contained in paragraph 5.17 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.18.    Defendant denies the allegations contained in paragraph 5.18 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.19.    Defendant denies the allegations contained in paragraph 5.19 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.20.    Defendant denies the allegations contained in paragraph 5.20 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.21.    Defendant denies the allegations contained in paragraph 5.21 of Plaintiffs' Original Petition and Application for Declaratory Relief.

5.22.    Defendant denies the allegations contained in paragraph 5.22 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## VI.  FACTS:  UNLAWFUL UNDERWRITING AND POLICY CANCELLATIONS

6.1.    Defendant denies the allegations contained in paragraph 6.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

6.2.    Defendant admits the allegations contained in paragraph 6.2 of Plaintiffs' Original Petition and Application for Declaratory Relief to the extent that it is a recitation of the statute.

6.3.    Defendant denies the allegations contained in paragraph 6.3 of Plaintiffs' Original Petition and Application for Declaratory Relief.

6.4.    Defendant admits the allegations contained in paragraph 6.4 of Plaintiffs' Original Petition and Application for Declaratory Relief to the extent that it is a recitation of the statute.

6.5.    Defendant admits the allegations contained in paragraph 6.5 of Plaintiffs' Original Petition and Application for Declaratory Relief to the extent that it is a recitation of the statute.

6.6.    Defendant denies the allegations contained in paragraph 6.6 of Plaintiffs' Original Petition and Application for Declaratory Relief.

6.7.    Defendant denies the allegations contained in paragraph 6.7 of Plaintiffs' Original Petition and Application for Declaratory Relief.

6.8.    Defendant admits the allegations contained in paragraph 6.8 of Plaintiffs' Original Petition and Application for Declaratory Relief to the extent that it is a recitation of the statute.

6.9.    Defendant denies the allegations contained in paragraph 6.9 of Plaintiffs' Original Petition and Application for Declaratory Relief.

6.10.    Defendant denies the allegations contained in paragraph 6.10 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## VII.  APPLICATION FOR DECLARATORY RELIEF

7.1    Defendant denies the allegations contained in paragraph 7.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court.

7.2.    Defendant admits the allegations contained in paragraph 7.2 of Plaintiffs' Original Petition and Application for Declaratory Relief to the extent that it is a recitation of the statute.

7.3.    Defendant admits the allegations contained in paragraph 7.3 of Plaintiffs' Original Petition and Application for Declaratory Relief to the extent that it is a recitation of the statute.

7.4.    Defendant admits that Plaintiffs purchased an insurance policy from Defendant.  Defendant denies the remaining allegations contained in paragraph 7.4 of Plaintiffs' Original Petition and Application for Declaratory Relief.

7.5    Defendant denies the allegations contained in paragraph 7.5 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court. Defendant avers that discovery should be conducted pursuant to the Federal Rules of Civil Procedure and the Orders of the Court.

## VIII.  CAUSE OF ACTION AGAINST DEFENDANT – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

8.1.    Defendant denies the allegations contained in paragraph 8.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.2.    Defendant denies the allegations contained in paragraph 8.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.3.    Defendant denies the allegations contained in paragraph 8.3 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.4.    Defendant denies the allegations contained in paragraph 8.4 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.5.    Defendant denies the allegations contained in paragraph 8.5 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.6.    Defendant denies the allegations contained in paragraph 8.6 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.7.    Defendant denies the allegations contained in paragraph 8.7 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.8.    Defendant denies the allegations contained in paragraph 8.8 of Plaintiffs' Original Petition and Application for Declaratory Relief.

8.9.    Defendant denies the allegations contained in paragraph 8.9 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## IX.  CAUSE OF ACTION AGAINST DEFENDANT – FRAUD

9.1.    Defendant denies the allegations contained in paragraph 9.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

9.2.    Defendant denies the allegations contained in paragraph 9.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

9.3.    Defendant denies the allegations contained in paragraph 9.3 of Plaintiffs' Original Petition and Application for Declaratory Relief.

9.4.    Defendant denies the allegations contained in paragraph 9.4 of Plaintiffs' Original Petition and Application for Declaratory Relief.

9.5.    Defendant denies the allegations contained in paragraph 9.5 of Plaintiffs' Original Petition and Application for Declaratory Relief.

9.6.    Defendant denies the allegations contained in paragraph 9.6 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## X.  CAUSE OF ACTION AGAINST DEFENDANT – CONSPIRACY TO COMMIT FRAUD

10.1.    Defendant denies the allegations contained in paragraph 10.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

10.2.    Defendant denies the allegations contained in paragraph 10.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## XI.  CAUSE OF ACTION AGAINST DEFENDANT – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

11.1.    Defendant denies the allegations contained in paragraph 11.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

11.2.    Defendant denies the allegations contained in paragraph 11.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

11.3.    Defendant denies the allegations contained in paragraph 11.3 of Plaintiffs' Original Petition and Application for Declaratory Relief.

11.4.    Defendant denies the allegations contained in paragraph 11.4 of Plaintiffs' Original Petition and Application for Declaratory Relief.

11.5.    Defendant denies the allegations contained in paragraph 11.5 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## XII.  CAUSE OF ACTION AGAINST DEFENDANT – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

12.1.    Defendant denies the allegations contained in paragraph 13.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

12.2.    Defendant denies the allegations contained in paragraph 13.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## XIII.  CAUSE OF ACTION AGAINST DEFENDANT – DTPA VIOLATIONS

13.1.    Defendant denies the allegations contained in paragraph 13.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

13.2.    Defendant denies the allegations contained in paragraph 13.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

13.3.    Defendant denies the allegations contained in paragraph 13.3 of Plaintiffs' Original Petition and Application for Declaratory Relief.

13.4.    Defendant denies the allegations contained in paragraph 13.4 of Plaintiffs' Original Petition and Application for Declaratory Relief.

13.5.    Defendant denies the allegations contained in paragraph 13.5 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## XIV.  KNOWLEDGE AND INTENT

14.1.    Defendant denies the allegations contained in paragraph 14.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## XV.  DAMAGES

15.1.    Defendant denies the allegations contained in paragraph 15.1 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.2.    Defendant denies the allegations contained in paragraph 15.2 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.3.    Defendant denies the allegations contained in paragraph 15.3 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.4.    Defendant denies the allegations contained in paragraph 15.4 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.5.    Defendant denies the allegations contained in paragraph 15.5 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.6.    Defendant denies the allegations contained in paragraph 15.6 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.7.    Defendant denies the allegations contained in paragraph 15.7 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.8.    Defendant denies the allegations contained in paragraph 15.8 of Plaintiffs' Original Petition and Application for Declaratory Relief.

15.9.    Defendant denies the allegations contained in paragraph 15.9 of Plaintiffs' Original Petition and Application for Declaratory Relief.

## XVI.  RESERVATION OF RIGHTS

16.1.    Defendant can neither admit nor deny the allegations contained in paragraph 16.1 of Plaintiffs' Original Petition and Application for Declaratory Relief, therefore, these are denied.

## XVII.  CONDITIONS PRECEDENT

17.1.    Defendant can neither admit nor deny the allegations contained in paragraph 17.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court, therefore, these are denied.

## XVIII.  JURY DEMAND

18.1.    Defendant can neither admit nor deny the allegations contained in paragraph 18.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court, therefore, these are denied.

## XIX.  INITIAL DISCLOSURES

19.1.    Defendant can neither admit nor deny the allegations contained in paragraph 19.1 of Plaintiffs' Original Petition and Application for Declaratory Relief on the grounds they are inapplicable in this Court, therefore, these are denied.

## XX.  PRAYER

20.1.    With respect to the allegations contained in Plaintiffs' Prayer in paragraph 20.1 of Plaintiffs' Original Petition and Application for Declaratory Relief, Defendant denies that Plaintiffs are entitled to the relief they have requested and or prayed for.

## XXI.
## DEFENSES

21.    By way of a defense in this action, Defendant asserts that the subject policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part, as follows:

3.    **Duties After Loss.**

a.    **Your Duties After Loss.**  In case of loss to covered property caused by a **Peril Insured Against**, you must:

a.    Promptly give us or our agent notice. Report any theft to the police as soon as possible.
b.    Protect the property from further loss.  Make any reasonable repairs necessary to protect it.  Keep an accurate record of any repair expenses.
c.    Separate damaged from undamaged personal property.  Give us a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.
d.    Give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies.
e.    Produce receipts for any increased costs to maintain your standard of living while you reside elsewhere, and records supporting any claim for loss of rental income.
f.    As often as we reasonable require:
(1)    Show us the damaged property.  We have a right to reasonable and safe opportunities to view and inspect the loss as often as necessary, unimpeded by actions of you or

others, including but not limited to, civil, governmental or military authorities, that prevent us from viewing and inspecting the loss.  We may require you to accompany us when we conduct these activities.

    (2)    At our request, submit to examinations under oath, separately and apart from any other person defined as you or **insured** person and sign a transcript of the same.

    (3)    Produce representatives, employees, members of the **insured** person's household or others to the extent it is within the **insured** person's power to do so;

g.  Upon our request, send to us your signed sworn proof of loss within 91 days of the date of our request.  This statement must include the following information:

    (1)    The date, time, location and cause of loss;

    (2)    The interest **insured** persons and others have in the property, including an encumbrances;

    (3)    Any other insurance that may cover the loss;

    (4)    Any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

    (5)    At our request, the specifications of any damaged building structure or other structure;

    (6)    The estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

    (7)    The amount you have actually spent to repair or replace the property stolen or damaged by the loss; and

    (8)    In the event that you give us a signed proof of loss, and after submitting that to us, you determine that you want to include a claim for additional damage or loss, you must submit to us a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

We have no duty to provide coverage under this section if you, an **insured** person, or a representative of either fail to comply with items a. through g. above, and this failure to comply is prejudicial to us.

*** 

7.    **Appraisal.**  If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal.  Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received.  The appraisers will select a competent and impartial umpire.  If the appraisers are unable to agree upon an umpire than an umpire will be appointed in the following manner:

---

a.  You or we will request the American Arbitration Association (AAA) to select an umpire at:
American Arbitration Association
Case Filing Services
Attn:  Allstate Texas Appraisal
1101 Laurel Oak Road Ste 100
Voorhees, New Jersey 08043
Email:  casefiling@adr.org
(with subject matter as "Allstate Texas Appraisal")

b.  Only if AAA advises you and us in writing that it cannot appoint an umpire may we then jointly request a judge of a district court in the judicial district where the **residence premises** is located to select an umpire.  A judge of a district court does not include a commissioner or a judge of a county court at law, or a justice court, a municipal court, a probate court, or of a commissioner's court.

The appraisers shall then determine the amount of the loss, stating separately the actual cash value and the amount of loss to each item.  If the appraisers submit a written report of an agreement to you and us, the amount agreed upon shall be the amount of the loss.  If they cannot agree, they will submit their differences to the umpire.  A written award agreed upon by any two will determine the amount of the loss.  Each party will pay the appraiser it chooses, and equally bear expense for the umpire and all other appraisal expenses.

If the appraisal process is initiated, the appraisal award shall be binding on you and us concerning the amount of the loss.  We reserve the right to deny the appraisal award in part or its entirety based upon the lack of coverage under the policy or failure to satisfy policy terms.

*** 

22.    The policy specifically provides, as a condition to property loss coverage, that no suit can

be brought against Allstate unless the following policy provisions have been complied with:

11.    **Suit Against Us.**  No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:

a.  There has been full compliance with all policy terms; and
b.  The action is commenced within two years and one day from the date the cause of action first accrues; and
c.  In the event that you and we fail to agree on the amount of loss claimed by you, unless you have previously provided to us a signed sworn proof

of loss, it is a condition under this **Suit Against Us** provision that no later than 91 days prior to commencing any action against us that we receive from you a signed sworn proof of loss, which contains, to the best of your knowledge and belief, the following information:

(1)    The date, time, location and cause of loss;

(2)    The interest **insured** persons and others have in the property, including any encumbrances;

(3)    Any other insurance that may cover the loss;

(4)    Any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

(5)    At our request, the request, the specifications of any damaged building structure or other structure;

(6)    The estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

(7)    The amount you have actually spent to repair or replace the property stolen or damaged by the loss; and

(8)    In the event that you give us a signed proof of loss, and after submitting that to us, you determine that you want to include a claim for additional damage or loss, you must submit to us a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

**d.**    If after we receive your proof of loss as described in paragraph c. above, you and we are still not able to agree on the amount of loss, then either party may make a written demand for an appraisal, as described in **Section I Conditions, Appraisal.**  If this demand for appraisal is made before an action is filed against us in a court of competent jurisdiction, then the appraisal must occur before a suit can be filed against us.  If the demand for appraisal is made after an action has been filed against us in a court of competent jurisdiction, then the parties agree to ask the court to abate the further proceeding of that action until the appraisal is completed and a determination of the amount of loss is made as described in **Section I Conditions, Appraisal.**

To initiate the appraisal process either party must provide written notice of the dispute to the other party and make a written demand for appraisal of the amount of loss.

The time limit stated in item 11.b) shall be suspended from the date of the first written demand for appraisal until the date of the appraisal award.

\* \* \*

Plaintiffs' failure to fully comply with all policy terms constitutes a breach of the "no action" clause.  Accordingly, Plaintiffs are barred from proceeding with any lawsuit and from recovering

any damages, attorneys' fees, interest or other amounts from Allstate unless and until the policy conditions have been satisfied.

23.     By way of additional defense, Defendant pleads that in the unlikely event Plaintiffs recover monetary damages in this lawsuit, such recovery, if any, is limited by the Limits of Liability contained in Plaintiffs' policy and the applicable deductible contained therein.

24.     As an additional defense, Defendant asserts that it is entitled to an offset and/or credit for any and all amounts Plaintiffs received, if any, with respect to the claim at issue in this lawsuit.

25.     As an additional defense, Defendant asserts that Plaintiffs have failed to mitigate their alleged damages.

26.     By way of additional defense, Defendant pleads comparative fault.

27.     For further affirmative defense, Defendant asserts contributory negligence and proportionate responsibility as a bar to Plaintiffs' claims.

28.     Defendant affirmatively pleads the fortuity doctrine as a bar to recovery. Plaintiffs cannot recover against Defendant for any pre-existing damages and/or damages that were already losses-in-progress.

29.     As an additional defense, Defendant asserts that any injuries, damages or liabilities complained of by Plaintiffs are not the result of any act or omission on the part of Defendant.

30.     As an additional defense, Defendant asserts that the injuries, damages or liabilities complained of by Plaintiffs herein were brought about wholly by new and independent causes or causes not reasonably foreseeable, and therefore, such new and independent cause or causes became the immediate and efficient cause or causes of injury, if any, to Plaintiff.

31.    As an additional defense, Defendant asserts that Plaintiffs' damages at issue in this lawsuit, if any, are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant had and exercised no control.

32.    As an additional defense, Defendant asserts that Plaintiffs' damages sought by this lawsuit are not the result of any act or omission attributable to Defendant.

33.    Defendant affirmatively pleads that the damages sought by this lawsuit against it were, in whole or in part, caused by the neglect and/or intent and/or omissions of Plaintiffs and/or third person(s) over whom Defendant did not control, had no right of control, and/or no duty over which to exercise control.  Plaintiffs and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiffs and cannot be attributed to Defendant.

34.    By way of additional defense, Defendant asserts that the Texas Insurance Commissioner's Bulletin # B-0007-20, issued through the Texas Department of Insurance, suspended certain statutory claims-handling deadlines due to the COVID-19 pandemic, including the Prompt Payment Act deadline at issue in Plaintiffs' pleadings.  The Texas Insurance Commissioner also declared the COVID-19 pandemic a disaster with respect to Tex. Ins. Code §542.059(b), which caused the statutory Prompt Payment deadlines to be extended for an additional 15 days.  These deadline extensions were effective from March 23, 2020, until September 20, 2021.

35.    By way of additional defense, Defendant asserts that no payment was made on Plaintiffs' claim because the covered damage identified by Allstate did not exceed the policy deductible.

36.    By way of additional defense, Defendant pleads that in the unlikely event Plaintiffs recover monetary damages in this lawsuit, such recovery, if any, is limited by the terms, conditions, and exclusions contained in his policy.

37.    As an additional defense, Defendant asserts that Plaintiffs' pleadings fail to state facts sufficient to entitle Plaintiffs to an award of statutory/treble damages, if any, against Defendant. Defendant further specifically pleads that in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, et. seq. of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

38.    As an additional defense, Defendant asserts that Plaintiffs are not entitled to an award of attorney's fees, if any, against Defendant.

39.    As an additional defense, Defendant asserts that Plaintiffs' claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages.  The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

    a)    Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

    b)    The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

40.    As an additional defense, Plaintiffs are barred from recovery in this case based on the doctrine of estoppel.

41.    As an additional defense, Defendant asserts that Plaintiffs have sustained no damages upon which they may recover in this lawsuit.

42.    Defendant asserts as an affirmative defense that it is incumbent on Plaintiffs to segregate his covered damages, if any, at issue in this lawsuit from any other pre-existing and/or other unrelated or separate damages.

43.    By way of affirmative defense, Plaintiffs are barred from recovery based on the doctrine of laches.

44.    By way of additional defense to Plaintiffs' claims of a breach of duty of good faith and fair dealing and for violation of the Texas Deceptive Trade Practices act and/or Texas Insurance Code, Defendant asserts the existence of a bona fide dispute.  The existence of a bona fide dispute precludes Plaintiffs from recovering against Defendant on any extra-contractual claims as a matter of law.

45.    By way of additional affirmative defense, Defendant asserts that Plaintiffs are barred from recovery under the doctrine of concurrent causation.

46.    By way of additional defense, Plaintiffs have not suffered any injuries independent of the insurance policy.  All of the damages Plaintiffs claim to have sustained flow from, stem from, and/or arise out of the policy.

47.    As an additional defense, Defendant asserts that there are no ambiguities in Plaintiffs' insurance policy.

48.    As an additional defense, Defendant asserts that Plaintiffs are precluded from recovering insurance benefits for any alleged damage not covered by his insurance policy.

49.    By way of additional defense to this action, Defendant asserts any and all applicable legal and equitable damage limitations and reserves the right to amend its answer to allege any additional defenses that might be appropriate in this case.

## XXII.
## JURY DEMAND

50.     Defendant requests a trial by jury.

## XXIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but that Defendant goes hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Nicholas Smith*
Nicholas Smith
Texas Bar No. 24093175
nsmith@thompsoncoe.com
Brittney M. Madrigal
Texas Bar No. 24138146
bmadrigal@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
10001 Reunion Place, Suite 400
San Antonio, Texas 78216
Telephone:     (830) 252-5100
Facsimile:     (214) 871-8209

**COUNSEL FOR DEFENDANT ALLSTATE TEXAS LLOYD'S**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 16TH day of February 2024, a copy of this document was served to all Counsel of Record via electronic notice to:

Jason Palker
PALKER LAW FIRM, PLLC
4428 S. McColl Rd.
Edinburg, TX 78539
Telephone: (956) 320-0270
Email: service@palkerlaw.com

_/s/ Nicholas Smith_
Nicholas Smith